UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 1:07-cr-00294-BLW |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| ALFREDO ESPARZA, SR., | |
| Defendant. | |

# INTRODUCTION

Defendant Alfredo Esparza, Sr. has filed two pro se motions. He seeks a reduction to his sentence as well as a compassionate release. *See* Dkts. 99, 101. For the reasons explained below, the Court will deny the motion seeking a reduction and reserve ruling on the motion for a compassionate release.

# BACKGROUND

Over ten years ago, in May 2008, Mr. Esparza pleaded guilty to seven felonies, including multiple methamphetamine distribution charges and two counts of unlawful possession of a firearm. Dkt. 72. In February 2009, he was sentenced to 264 months' incarceration, and that sentence was later reduced to 240 months because of the Sentencing Commission's reduction in the sentencing guideline's

drug offense levels. Dkt. 95. Mr. Esparza now seeks an additional reduction as well as a compassionate release.

## ANALYSIS

**1.    The Motion for a Sentence Reduction Under § 401 of the First Step Act**

Mr. Esparza's request for a reduction to his sentence is based on the First Step Act of 2018, which was signed into law on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Title IV of the Act, labeled "Sentencing Reform," (1) reduced certain mandatory minimum penalties in 18 U.S.C. § 841; (2) diminished the severity of offense "stacking" under 18 U.S.C. § 924(c); (3) retroactively applied the Fair Sentencing Act of 2010; and (4) broadened the existing § 3553(f) safety valve, offering more offenders relief from specific mandatory minimum incarceration terms.

Mr. Esparza's motion focuses on the reduced mandatory minimum penalties, which are addressed in Section 401 of the First Step Act. Mr. Esparza hopes to take advantage of this section of the First Step Act, but Congress expressly stated: "This section [401] and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." § 401(c), 132 Stat. at 5221. Esparza was sentenced over 10 year ago. Accordingly, the relief he seeks is

unavailable. The Court will therefore deny Mr. Esparza's motion for a reduced sentence.

## 2. The Motion for a Compassionate Release

Mr. Esparza filed a motion for a compassionate release shortly after filing his motion for a reduction to his sentence. *See* Dkt. 101. Defense counsel asks for an opportunity to investigate and potentially supplement Mr. Esparza's pro se brief supporting this motion. Toward that end, counsel asks the court to stay the briefing. *See Motion to Stay Briefing,* Dkt. 108. The Court will not grant an indefinite, open-ended stay, as counsel requests. The Court will, however, allow counsel 60 days from the date of this order to supplement the pro se motion.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion for Sentence Reduction (Dkt. 99) is **DENIED**.

2. The Court will **RESERVE RULING** on Defendant's Motion for a Compassionate Release (Dkt. 101).

3. Defendant's Motion to Stay Briefing (Dkt. 108) is **GRANTED IN PART AND DENIED IN PART**. The motion is denied to the extent defendant requests an open-ended, indefinite stay. The motion is granted in part, however, as defense counsel will have up to 60 days from the date of this Order in which to supplement Defendant's pro se

motion for compassionate release. If defense counsel determines that no supplementation is necessary, counsel shall advise the Court of that fact within the 60-day deadline.

DATED: August 15, 2019

_____
B. Lynn Winmill
U.S. District Court Judge